May 16, 1910.

———

No. 5005.

(Court of Appeal, Parish of Orleans.)

**JOSEPH ROTH vs. P. FABIAN.**

P. L. Fourchy for plaintiff and appellant.

Robinson and Stafford for defendant and appellee.

DUFOUR, J.—This is a suit coupled with a provisional seizure for the full amount of rent for the term of the lease, with attorneys' fees, based on the claim that the failure to pay one rent note at maturity matured the whole obligation.

It appears that for seven years past the defendant had been the plaintiff's lessee, and that the custom had arisen between them that the rent should not be exacted at maturity, but could be paid within reasonable delay thereafter.

Relying upon this, Fabian did not promptly pay the rent due October 15th, and, on November 4th, Roth made written demand for the same, and, on November 8th, he placed the matter in the hands of counsel for collection.

Just before the filing of the suit, Fabian offered to pay Roth's attorney the one month's rent, with interest and fee; this was refused. During the course of the litigation, each month's rent was deposited in the registry of the court as it accrued.

It is urged as a defense that the rent had been retained by the lessee in order to repair the cistern, or otherwise secure the proper water supply, should the lessor fail to do so, and though the lessor subsequently did the work, the lessee did not know whether or not he would do so.

The fact is proved, and the lessee was justified in his action.

. **R. C. C., Art. 2694.**

In **121 La. 935**, the Supreme Court said:

"This Court has not heretofore had occasion to

apply this principle in any case of lease, but the Court of Appeal for the Parish of Orleans has had occasion to do so.

"In the case of **Bacas vs. Mandot, 3 Ct. of App. 324,** the Court said:

"When a lessor, month after month, has, without objection or protest, accepted the rental a few days after the maturity of the notes, he cannot, without previous notice to his tenant, claim the forfeiture of the lease, we concur in these views."

The facts of this case bring it within the scope of the decision and of the article of the Code just cited.

The judgment in favor of plaintiff for the amount deposited in court by defendant, and further dissolving the writ, with attorneys' fees, is correct.

Affirmed.

May 16, 1910.

Rehearing refused May 30, 1910.

Writ denied by Supreme Court July 1, 1910.